## THE CONTRIBUTORS TO THE PENNSYLVANIA HOSPITAL v. GIBSON ET AL.

### July 6, 1839.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

A. gave a mortgage to B., the principal payable in ten years, and the interest half yearly, with a proviso that if at any time default should be made in the payment of the interest for 30 days after it became due, the principal should become presently due, and the mortgagee might proceed to judgment and execution. Default in the payment of six months' interest several times occurred, but the mortgagee did not insist on the forfeiture, and after the thirty days received the interest. The last instalment of interest was not paid within the thirty days. But before it became due, the parties agreed that the mortgagee should be at liberty to pay off the principal sum before the same became due, at any time, in instalments. After suit brought, the mortgagor tendered payment of part of the principal, and the interest which was more than thirty days due. B. brought suit on the mortgage: *Held*,

1. B. was entitled to sue for and recover the whole amount of principal and interest.

2. The mere receipt of the interest, several times after the expiration of the thirty days by the mortgagee, was not *per se*, a waiver of his right to insist on the forfeiture of the whole amount due, in case a subsequent instalment of interest became due, and remained after the thirty days unpaid.

3. An agreement by the mortgagee, to receive part of the principal before it was due, the payment of which was not complied with by the mortgagor before suit brought, was no waiver of the right to enforce the payment of the mortgage according to its terms.

THIS was a *scire facias* (March term, 1839, No. 1084,) on a mortgage given by defendants to plaintiffs, dated June 28, 1834, for four thousand five hundred dollars, payable within ten years from the first day of September, 1833, with interest half yearly, at the rate of five per cent. per annum, to be computed from the first day of September, 1833, with the following proviso:

" And provided also, and it is hereby mutually agreed by and between the parties hereto, that if at any time hereafter, default shall be made in the payment of the said interest for thirty days next after the same shall be due and payable, then and in such

[The Contributors to the Pennsylvania Hospital v. Gibson et al.]

case it shall and may be lawful for 'The Contributors to the Pennsylvania Hospital,' their successors and assigns, to sue out a *scire facias* on this mortgage, and to proceed to judgment, execution and sale of the said mortgage premises, for the recovering of the whole of the said mortgage moneys, principal and interest, as fully as they could have done had the whole time above limited for payment of the said principal debt, and twelve months thereafter fully run out and expired, any thing hereinbefore contained, or any law or usage to the contrary notwithstanding."

The following affidavits of defence were filed :

" James Gibson, one of the above defendants, being duly sworn, doth say, that he has a just and true defence to the plaintiff's demand in this case, of the following nature and character, viz. : That the mortgage upon which suit is brought, was given for the sum of forty-five hundred dollars, at an interest of five per cent. per annum, and payable in ten years with a clause rendering the whole principal sum due immediately, in case the interest at any time should be in arrear for thirty days after its day of payment. A year's interest, viz. : the sum of two hundred and twenty-five dollars, fell due on the first day of March last. Prior to that period, viz. : between the months of July and September, and after the interest of the previous half year had been paid, the deponent entered into an arrangement with Mr. S. N. Lewis, the treasurer of the Pennsylvania Hospital, of this character, viz. : that the mortgagers should be at liberty to pay off the principal sum of said mortgage before the same became due, at any time in instalments of not less than one thousand dollars each, and that the said plaintiffs would accept said payments. This arrangement deponent believes that the said treasurer had authority to make, and he hopes to be able to show his authority, if disputed, on the trial of this cause, and deponent had authority from the other defendants to make the arrangement. In consequence of this understanding and arrangement, deponent and the trustees used exertions to procure a sum of money, not less than one thousand dollars, in addition to the interest, and at a considerable sacrifice, viz. : not less than fifty dollars, procured the same.

" The efforts of deponent and of the trustees were going on before the institution of this suit, and the prospect of procuring the money was a fair one, when this suit was entered, which was by

[*The Contributors to the Pennsylvania Hospital v. Gibson et al.*]

agreement filed; the existence of this arrangement was communicated to plaintiffs through their counsel, and its existence not denied by them or him. The sum of thirteen hundred dollars on account of the principal, the sum of two hundred and twenty-five dollars arrears of interest, and the costs of suit were tendered to the plaintiffs under the above arrangement, and refused by them. The money has been procured at a sacrifice as stated before, and is now lying idle. Defendants crave leave to pay the same into court on account of the mortgage, and that the present suit may be dismissed, so that interest may cease upon so much of the principal from the date of the same, viz.: the twenty-fifth day of May inst."

"James Gibson, one of the above named defendants, being further sworn, doth say: that to the best of his knowledge and belief, repeated instances have occurred since the mortgage, on which suit is brought, was given, of the thirty days having expired after the interest thereon became due, before the same was paid. Deponent can positively specify three occasions, and he is confident that there were more. In no one of these instances was the forfeiture ultimately insisted on by the plaintiffs; on the contrary, in each and every case the forfeiture was waived by the receipt of the interest after the same, viz.: the forfeiture accrued. Deponent therefore is advised that the forfeiture, viz.: the falling due of the whole principal sum immediately is gone and cannot now or again be insisted upon by the plaintiffs."

The plaintiffs obtained this rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

*G. M. Wharton*, for the defendants, showed for cause, 1. That there was a new contract between the parties which excluded the forfeiture as originally provided. 2. That a forfeiture had taken place long before suit brought, and it had been waived by the acceptance of the interest after the time specified. That a forfeiture once incurred and waived, ever after prevents another forfeiture, being equivalent to a new contract. *Com. on L. & T.* 242; 4 *Coke* 119; 3 *Taunt.* 78; 4 *Taunt.* 735; 9 *Bar. & Cress.* 376; 4 *Bar. & Ald.* 401; 7 *Watts.*

*S. Lewis*, contra.

PER CURIAM.—As to the first point made by defendant's counsel, it is to be observed, that in effect, the non-enforcement by the

[The Contributors to the Pennsylvania Hospital v. Gibson et al.]
mortgagees of the payment of the principal and interest on several occasions, when the latter became more than thirty days due, and their subsequent receipt of it, constituted a mere indulgence to the mortgagors as to time, and these circumstances do not *per se* constitute a waiver of the right of the mortgagees to insist on payment on a subsequent default occurring. A mere passive indulgence in a case like this, cannot amount to a waiver, any more than mere delay in suing a principal, unaccompanied by other circumstances, will exonerate a surety. This case is however stronger, because it is between the debtor and creditor, without any of the equities which may exist in the case of a surety. There must be some act on the part of the mortgagees, indicating that they have dealt as to the subject matter on a new basis, otherwise we cannot infer the alleged waiver.

As to the second point, we need not determine whether the alleged new agreement to take part of the principal, is made out in fact or in law, by the averments in the affidavit of defence, whether the mortgagees gave any authority to their officer to make such an agreement, or whether that authority, if given, was by parol or otherwise. We may, for the purpose of the argument submitted, assume the making of the agreement. But what was it? As alleged, it seems to have been an agreement to receive part of the *principal* before it was due, without waiving any rights which the mortgagees had, under the sealed instrument, and what is entirely conclusive, the alleged agreement on the part of the mortgagors, was not carried into effect by them, before the suit was brought.

Rule absolute.

