## Robinson *versus* Loomis for use.

1. In a mortgage, payable by instalments, the stipulation that the mortgagee might sue out a *scire facias* and proceed at once for the whole amount remaining unpaid in case the mortgagor should be in default thirty days on any instalment, makes all unpaid instalments recoverable at that time.

2. A stipulation in the mortgage for five per cent. "attorney collection fees," is not a penalty, but an agreed compensation to the mortgagee for expenses incurred by the default of the mortgagor.

ERROR to the Court of Common Pleas of *Allegheny county*.

In the court below, this was a *scire facias* on a mortgage, in which Thomas D. Loomis for use of Fannie D. Gordon, was plaintiff, and William Robinson, Jr., defendant.

The mortgage was to Loomis, and dated October 1st 1860, to secure $21,000 in instalments, half-yearly in unequal sums, "without interest, to be reckoned on said sums till after they shall become due."

The mortgage contains the following clause, viz., "*Provided, further*, in case of default in the payment of any instalment or instalments aforesaid at any time falling due, for the space of thirty days thereafter, or any part thereof, that thereupon it shall be lawful for Thomas D. Loomis, his executors, administrators and assigns, to sue out forthwith a writ of *scire facias* and proceed at once thereon for the whole amount *at such time remaining unpaid*, with five *per centum* attorney collection fees, according to law, without any further stay, any law or usage to the contrary notwithstanding."

All the instalments falling due prior to October 30th 1863, were paid at maturity.

On the 1st day of December 1863, the *scire facias* in this case issued under the clause of the mortgage recited above. The defendant filed an affidavit of defence, alleging only usury and tender of the amount *actually* due on the defaulted instalment.

Upon the trial, the plaintiff claimed and was allowed to recover the sum of $18,566.58, being the aggregate amount remaining unpaid on the mortgage, with interest on the instalments due up to time of trial, and 5 per cent attorney's commission.

There was no evidence of what were the actual legal expenses of the plaintiff in this suit.

The defendant prayed the court to instruct the jury—

"That the utmost now recoverable upon the present *scire facias* is the instalment which fell due October 30th 1863, viz., $5750, with interest and attorney's commissions thereon.

"That if all the instalments were now recoverable, there must be a *rebatement of interest* upon the instalment payable October 30th 1865.

[Robinson v. Loomis.]

" That the clause touching attorney's commissions of 5 per centum is to cover actual legal expenses of the plaintiff, and the same is in the nature of a penalty, and under the evidence the plaintiff is not entitled to recover said 5 per centum."

But the court (Mellon, A. J.) refused so to charge.

Under the instructions of the court, the jury found for the plaintiff the whole amount claimed, to wit, $18,566.58. .

The defendant excepted to the charge, and having removed the case to the Supreme Court, assigned for error the answers of the court to foregoing points, and also that the court erred in entering a *general and absolute judgment* on the verdict, and in not restricting execution to the instalments which, by the terms of the mortgage, were past due, with interest.

*Hamilton & Acheson*, for the plaintiffs in error.—The expression in the mortgage, " *the whole amount at such time unpaid,*" means due and unpaid. The provision was not to impose a forfeiture or penalty, but to enforce the prompt payment of the instalments. To make all the instalments due on a single default, should not be left to inference : Walker v. Tracy, 1 Phila. R. 225 ; Whitecar v. Morell, Id. 44 ; Holden v. Gilbert, 7 Paige 208 ; Caufman v. Sayre, 2 B. Monr. 204. Even if judgment should have been rendered for the whole because it would have been objectionable to issue a *scire facias* as each instalment became due, execution might have been stayed until a future default should occur. Ewart v. Irwin, 1 Phila. R. 78 ; Campbell v. McComb, 4 Johns. Ch. R. 534. The 5 per cent clause for expenses of collection, is in nature of a penalty, and there should be some evidence as to actual expenses.

*Bruce* and *Negley*, for defendant in error.—The objections now made by plaintiff in error, are not set out in affidavit of defence, and the claim of defendant in error is to be taken as true, except as to the matters set out in the affidavit.

The right to recover attorney's commissions is decided in Mahoning County Bank's Appeal, 8 Casey 158.

The opinion of the court was delivered, November 2d 1865, .by Strong, J.—The amount of the debt. secured by the mortgage was $21,000. This sum was made payable in the first instance, by instalments falling due at different times, but without interest until they should become due. Then an alternative provision was introduced. It was that the mortgagee or his assigns might sue out a *scire facias*, and proceed at once for the whole amount remaining unpaid, with 5 per cent. attorney collection fees, without any further stay, whenever the mortgagor should be in default thirty days in the payment of any instalment or instalments before mentioned, as payable at the time or times appointed. The

clear effect of this was to make all unpaid instalments recoverable, the instant default was made in the payment of any one of them, if the default continued thirty days.    Upon the happening of the contingency provided for, the time of payment first specified was changed.

It was not merely the instalments, in regard to which there might have been default, that were made presently collectable. The mortgagee was authorized to proceed for the whole debt unpaid, of which each instalment was a part, or, in the language of the proviso, "for the whole amount at such time remaining unpaid."    We are not at liberty to introduce into the contract the word "due," and make it read "remaining due and unpaid." The contract draws a plain distinction between instalments due and "the whole amount unpaid."    The latter refers to the entire debt secured to be paid, the former to some of the parts of it.    If it had been intended to provide only for the speedy collection of the instalments in arrears, the appropriate language would have been, "proceed at once thereon for the said instalments."    The change in the language shows that the parties had another subject in contemplation, to wit, the whole debt, which, by default in payment of part, was made presently payable.    The court, therefore, correctly refused to affirm the third and fourth points presented by the defendant.

And there was no error in refusing to affirm the fifth.    The 5 per cent., stipulated to be recoverable as fees to the attorney for collection, can in no sense be regarded as a penalty.    It was an agreed compensation for expenses incurred by the mortgagee in consequence of the default of the mortgagor.

Judgment affirmed.