## Imler *versus* Imler.

1. A judgment for $2600 which was entered upon warrant of attorney contained a clause " with attorney's fees for collection." All the debt was promptly and voluntarily paid, except a balance of $192, about which there was a contest, and the judgment was opened and the contested question sent to a jury. The jury found for the plaintiff, and the court on a reserved point allowed $103, attorney's commissions on $2600, in accordance with a fee bill agreed upon by the members of the bar of the county. *Held*, that these commissions were not excessive, as there was litigation, and the amount of time and labor expended by counsel would have been no greater had the verdict been for the whole face of the judgment.

2. A contract of this nature is one of indemnity, and if the defendant neglects or refuses to pay, he subjects his creditor to the necessity of employing counsel and should pay therefor.

3. Daly *v.* Maitland, 7 Norris 384, followed.

May 10th 1880. Before Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Sharswood, C. J., and Green, J., absent.

Error to the Court of Common Pleas of *Bedford county :* Of May Term 1880, No. 14.

The facts were these : Susanna Imler purchased from her son, Thomas Imler, his interest in a farm, and gave him therefor her note for $2600, payable in three annual instalments, commencing April 1st 1875. The note contained a warrant of attorney to confess judgment, " with attorney's fees for collection," and was entered of record. The first two instalments were paid, and all of the third except $192.56. Thomas Imler claimed this balance and

[Imler *v.* Imler.]

interest, amounting in the aggregate to $216.36. Susanna Imler alleged that she had paid this balance, by having paid a judgment-note of John B. Smith against Thomas Imler for $192.56, which was a lien on the land. Thomas did not deny that she had paid the Smith judgment, but alleged that she ought not to have paid it, because his name to the note on which said judgment was entered was a forgery. Execution was issued on the judgment of Thomas Imler against Susanna Imler for the balance alleged to be due, and including a commission of $103, which was the fee for collection, as calculated on $2600, according to a fee bill adopted by the members of the bar of Bedford county. Susanna applied to the court to have the judgment opened, on the ground alleged above, that she had paid the whole debt, and her petition prayed the court to strike off the $103 commission, for the reason that the money had been paid promptly, and no execution had been issued until the whole amount had been paid or tendered. The plaintiff, in his answer, averred that the Smith judgment was a forgery, and should not have been paid by Susanna Imler. The court, Hall, P. J., opened the judgment, and the case was tried by a jury, on the petition and answer, under the following instructions from the court:

"The only question of fact in dispute is whether Thomas Imler signed the Smith note—is his signature genuine? The burden of proving this is for the defendant, Susanna Imler. Dubois, who attests the signature as witness, has not been called. John Imler testifies that Thomas admitted to him that the note was genuine, and also, that he knows his writing, and the signature is genuine. Imler swears he never signed it. The real dispute is the sum of $192.56, with interest from 2d April 1877. If Thomas Imler signed the note of E. Y. Imler to Smith, as surety, Susanna Imler had a right to pay the $192.56, and to have credit for it on this judgment.

"As to the commissions of the attorney, the defendant does not deny that the money was all collected by the attorneys, and that by the terms of the contract the sum of $103, is due, unless the court should be of opinion, as a matter of law, that the money must have been collected by execution. This point we reserve, to be determined on a proper motion."

Verdict for plaintiff for $319.36, "subject to opinion of court on attorney's commission." A motion for a new trial was refused, and the court entered judgment for the plaintiff on the point reserved, when defendant took this writ, and alleged that the court erred in the instruction to the jury that the burden of proving that Thomas Imler signed the Smith note was upon Susanna Imler, and in allowing the attorney's commission when the debt had not been collected by execution.

[Imler *v.* Imler.]

*J. B. Cessna*, for plaintiff in error.—The judgment of Smith, being an act of the court, is presumed to be right. In contemplation of law, a judgment upon warrant is the act of the court: Hageman *v.* Salisberry, 24 P. F. Smith 280. A judgment of a court of competent jurisdiction is never to be treated as a nullity: Hauer's Appeal, 5 W. & S. 473–5; Appeal of Second National Bank of Titusville, 2 Norris 528. The fact being proved that the judgment was paid without litigation, the court, under its equitable powers, should have modified the attorney's commissions if not relieved the defendant altogether therefrom. This view is sustained by the recent case of Daly *v.* Maitland, 7 Norris 384.

*Russell & Longenecker*, for defendant in error.—The case was tried on the question of fact raised by the petition and answer, and that question was the validity of the Smith judgment. The jury found that the judgment was fraudulent.

The attorney's commissions were not unreasonable, and the jury found the amount. The court had all the facts before them, and had the equitable power to reduce the sum if it was proper to do so. In Daly *v.* Maitland, 7 Norris 384, this court say they will not review the exercise of a sound discretion upon such a question as here presented unless the commissions are plainly excessive. Considering the facts that the defendant below made defence to the judgment against her to the extent of the amount of the Smith judgment, which was founded on a forgery, and which she improperly paid, that services had to be rendered by counsel in taking a deposition in Nebraska and in preparing the case and trying it, and that they had all the responsibility of receiving the money and remitting it to him, we think that it is but just that she should pay the attorney's commissions.

Mr. Justice PAXSON delivered the opinion of the court, June 19th 1880.

There is no merit in the first assignment of error. Even if the burden of showing that the signature to the note upon which the judgment, No. 238, April Term 1874 was entered was genuine, was not upon the defendant below, she has no reason to complain, as the record shows she voluntarily assumed such burden before the jury. Having assumed it, and obtained the conclusion to the jury, it is no just cause of complaint that the court below adopted her own view of her duty.

The 2d, 3d and 4th assignments refer to the single question of the attorney's commissions, and may be considered together. The judgment-note in controversy was for $2600, payable in instalments, with interest and "attorney's fees for collection." The plaintiff moved to Nebraska, and left the note with his attorneys at Bedford for collection. The defendant paid most of the instal-

ments within a short time after maturity, and without legal process. The principal contention was over the Smith judgment of $192.56, which was paid by the defendant. As the judgment was a lien upon the land she bought of the plaintiff, the payment would have been well enough if the latter had no defence to it. But unfortunately for the defendant, the plaintiff alleged that the note upon which the Smith judgment was entered was a forgery, and the jury in the trial below found the fact to be so. The amount of attorney's commissions claimed and allowed was $103, and it was urged that this was an unreasonable fee for the collection of a note of $2600, all of which, except the small sum included in the verdict, was paid voluntarily. The further point was raised, that as to so much of the note as was not collected by execution, no commissions could be charged.

The obvious intention in this and like stipulations in instruments for the payment of money is, that the creditor shall be indemnified for his reasonable expense of counsel fees in collecting the money. That is to say, where it becomes necessary to employ counsel to collect the money the debtor shall be subjected to the expense thereof not exceeding the agreed limit. It was never intended, nor can we permit such a clause to be used, to compel a debtor to pay attorney's commissions where the latter does not dispute the claim and pays at maturity. In such cases there is no necessity for the intervention of an attorney. Where, however, an attorney has been employed in good faith by reason of the neglect or the refusal of the defendant to pay, the fact that the money has been paid to the attorney, without execution, does not relieve the defendant from his agreement to pay reasonable attorney's commissions, for the reason that the creditor's liability to the attorney has attached. The contract is one of indemnity, and if the defendant, by his neglect or refusal to pay, has subjected his creditor to the necessity of employing counsel, why should he not pay? The attorney deducts his commissions even where no execution or other legal process is issued, and if the defendant cannot be made to pay the creditor has no indemnity, and the clause means nothing.

How much is the defendant entitled to pay as such indemnity? Such agreements were formerly uniformly drawn at the rate of five per cent. This court held that an arbitrary charge of five per cent. in all cases could not be sustained; that only a reasonable compensation could be recovered, the amount of which in each case must rest in the sound discretion of the court. Accordingly, in Daly v. Maitland, 7 Norris 384, which was a scire facias to collect a mortgage of $14000, the commissions were reduced from five to two per cent.

We are asked to say that the amount allowed in the case in hand is excessive. The agreement was not for five per cent., but for "attorney's commissions for collection." The amount allowed

was $103. This is less than five per cent., and agrees with the tariff of charges fixed by the Bedford county bar. The amount ·may seem large in proportion to the verdict, but this is a matter' which the defendant would .have done well to consider before she entered upon the expensive, vexatious and often unprofitable business of litigation. The amount of time and labor required on the part of counsel would have been no greater had the verdict been for the whole face of the note. There was a suit and trial in the court below and a trial here. It was said in Daly *v.* Maitland, *supra,* " In general this court will not review the exercise of a sound discretion by an inferior court upon such a question, and the presumption will always be in favor of their decision, unless it is plainly excessive, or, as appears to have been the case here, founded on the mistaken idea that they had no equitable power to interpose and moderate the agreed amount." ' Applying this sound rule of our latest decision upon this subject to the case in hand, we are not prepared to say that the amount allowed is so plainly excessive as to justify us in revising the discretion of the court below.

Judgment affirmed.

Trunkey and Sterrett, JJ., dissented.