## Moore's Appeal.

1. A clause in a judgment note authorizing the inclusion " of attorney's commissions of five per cent. for collection" in the judgments to be confessed, cannot be used to compel the debtor to pay such commissions when he does not dispute the claim and pays at maturity.

2. A. borrowed $2,000 from B., giving her a judgment note as above, payable one year from the date thereof. B.'s attorney entered up judgment on this note before it fell due and refused to accept a tender by A. of the full amount of the note with interest and costs on the maturity of the same, demanding attorney's commissions also. A. then paid the amount of the note with interest and costs into court and subsequently the court ordered him to pay an attorney's commission of two and one half per cent:

*Held,* that this was error. The debtor was willing to pay the sum at maturity, thus rendering unnecessary any services by an attorney in the way of " collection."

October 6th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

Appeal from the Court of Common Pleas of *Westmoreland county* : Of October and November Term 1885, Nos. 24, 25 and 26.

This was an appeal by J. W. Moore from an order of said court allowing attorney's commissions on certain judgment notes entered up against him by Rachel Kilgore *et al.*, under the following circumstances: On November 26th, 1883, Moore borrowed from Rachel Kilgore the sum of $2,000, and gave her his note therefor in the following form :

" $2,000.00          GREENSBURGH, Nov. 26th, 1883.

" One year after date I promise to pay to Rachel Kilgore, or order, Two thousand Dollars, value received with interest; and do hereby authorize any attorney of this county, or any other county in this state, or elsewhere, to enter and confess judgment for the above sum, with costs of suit and attorney's commission of five per cent. for collection, release of errors, and without stay of execution; and do waive the right and benefit of any law of this or any other state, exempting property, real or personal, from sale; and if levy is made on land, do also waive the right and inquisition, and consent to the condemnation thereof, with full liberty to sell the same on *Fi. Fa.*, with release of errors therein.

" Due——          J. W. MOORE."

On January 19th, 1884, Rachel Kilgore caused this note to be entered in the prothonotary's office.

14 OUTERBRIDGE—28

[Moore's Appeal.]

On November 26th, 1884, the day the note fell due, Moore tendered to Rachel Kilgore's counsel the amount of the debt, interest and costs, less attorney's commission. This was refused and on the same day permission was given Moore to pay this sum into court " without prejudice as to the question of attorney's commission."

On December 8th, 1884, the court, HUNTER, P. J., on motion of plaintiff's attorney, taxed an attorney's commission of two and one half per cent. upon this claim as well as upon two other claims in favor of Jane and Violet Kilgore respectively, upon notes of same form and date as above, filing the following opinion :

" The debt, interest and costs of these three judgments, amounting to $5,314.05, has been paid into court, and the question is now as to attorney's commission. The notes provide for five per cent. attorney's commission and judgment has been so confessed. The judgments have been entered by an attorney who has taken on himself the professional responsibility of seeing that this was promptly and correctly done; and now the additional responsibility of receiving and paying over the money, and securing himself in the future from any question of having paid over the money. Is it reasonably required of him to do this for nothing? I think not; and if not, must his client pay what the defendant himself contracted to pay, and for which they now severally have judgment, if attorney's commission be refused. There has been no payment of the money to them or tender of money personally to them. I am unable to see any difference between this case and Daly *v.* Maitland, 7 Norris, 384, and the plaintiffs should be allowed enough to pay their counsel.

" As there are three separate judgments, the trouble to counsel will be proportionately greater than if there was but one judgment. In other words, three parties, instead of one, and the respective amounts payable to each consequently smaller, I think 20 per cent. would be reasonably fair.

" And now, December 8th, 1884, leave is given plaintiffs' attorney to take out of court the money paid in, to wit, the sum of $5,314.05; and on payment of an attorney's commission of $125.00, being 20 per cent. on the aggregate judgments, it is ordered that the judgments be marked satisfied."

Moore then took this appeal, assigning for error, *inter alia,* the allowance of the attorney's commissions on the three claims and the above order of the court. Counsel agreed in writing that the three cases be argued as one and that the judgment entered in one should govern and decide all.

*Welty McCullogh* for appellant.—No "collection" was ever made by the plaintiff or her attorney; on the contrary, on the day the note was due, November 26th, 1884, the defendant below was ready to pay the money. It was offered to plaintiffs' attorney, and on his refusal to accept it was paid into court, and also all docket costs and prothonotary's poundage were fully paid, thus placing the plaintiff in the position of proceeding after the date for attorney's commission on a judgment in which there had been no default, but, on the contrary, in which payment had been made on the day agreed upon. Commissions will not be allowed where the debtor does not dispute the claim and pays at maturity: Imler *v.* Imler, 13 Norris, 372; Johnson *v.* Marsh, 42 Leg. Int., 92; Lewis *v.* Germania Bank, 15 Norris, 86.

*John F. Wentling* for appellee.—The amount allowed by the learned judge below of $2\frac{1}{2}$ per cent. on the three judgments, is not excessive, and his opinion should be sustained, especially, when we are mindful that this court say, in Lewis *v.* Bank, 15 Norris, 87 : "In general this court will not review the exercise of a sound discretion by an inferior court upon such a question, and the presumption will always be in favor of its discretion unless it is plainly excessive."

Mr. Justice GREEN delivered the opinion of the court, November 2nd, 1885.

The judgment notes in this case contained a clause authorizing the inclusion of "costs of suit and attorney's commissions of five per cent. for collection" in the judgments to be confessed. They were dated November 26th, 1883, and were payable at one year after date with interest. On November 26th, 1884, being the date of the maturity of the notes, the defendant by leave of the court paid into court the full amount of debt, interest and costs on all the judgments. He refused to pay any attorney's commissions because he was ready and willing to pay the whole amount due, thus rendering unnecessary any services by an attorney in the way of collection. The learned court below allowed a commission of $2\frac{1}{2}$ per cent. for the attorney, and in this there was error. To permit such a practice as this, where the defendant offers to pay all that is due at the maturity of the obligation, would be sanctioning an intolerable and unreasonable oppression. There is no occasion whatever in such a case for the service of an attorney for the purpose of collection, and it was no part of the contract in this case that any commission should be paid for the mere entering of the judgment. We said in Imler *v.* Imler, 13 Norris, on p. 375 : "It was never intended, nor can we permit such a clause to

[Railway Co. *v.* McCloskey.]

be used to compel a debtor to pay attorney's commissions where the latter does not dispute the claim and pays at maturity." In ·Johnson *v.* Marsh, 42 Leg. Int., 92, we refused to allow commissions even after execution issued, because there was no satisfactory evidence of a demand for payment before entering judgment, although the debt had passed maturity. Once more we condemn this practice and trust we may not again have occasion to pronounce upon it.

The order of the court below allowing an attorney's commission of $125 is reversed at the cost of the plaintiff in the judgment, and it is ordered that satisfaction be entered without any further payment by the defendant.