# J. D. LINDLEY v. J. B. ROSS ET AL.

**APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF GREENE COUNTY.**

Argued October 8, 1890—Decided November 3, 1890.

1. An attorney's fee for collection, usually inserted in judgment obligations. is in the nature of a penalty, not liquidated damages, and its enforcement is a matter within the control of the court in the exercise of

its equity powers: Daly v. Maitland, 88 Pa. 384; Imler v. Imler, 94 Pa. 372.

2. In the absence of a demand made for payment, before entering judgment upon such an obligation, the necessity of resorting to the services of an attorney does not appear, and the defendant should not be subjected to the payment of attorney's commissions: Johnson v. Marsh, 21 W. N. 570.

3. This rule applies, although the note was left in the hands of an attorney, and before the entry of judgment the defendant was informed of that fact, and that if he desired to make payment on the note he should call upon the attorney to do so.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 195 October Term 1890, Sup. Ct.; court below, No. 55 June Term 1890, C. P.

On April 21, 1890, upon a note dated August 23, 1887, with warrant of attorney to enter judgment and providing for five per cent attorneys' commissions, if collected by process, judgment was entered in favor of J. D. Lindley against J. B. Ross, H. R. McGlumphy and Samuel Luse, "for the sum of $1,500, payable one year after date, with costs of suit and five per cent attorneys' commission."

On May 12, 1890, a writ of fieri facias having issued, two of the defendants, Ross and McGlumphy, presented their petition, setting forth the execution of the note by the defendants, with Samuel Luse, as surety, the amount received from the plaintiff upon the same, certain small payments made, and the issuance of the fieri facias; and, averring that they had "paid to the plaintiff and to the sheriff the full amount borrowed by them of the plaintiff, together with interest thereon at the rate of six per cent per annum, together with all costs that have accrued thereon up to the present time, but that they are unwilling to pay the usurious interest thereon or to pay the attorney's commissions, said judgment having been entered and execution issued thereon without any demand having been made upon them for payment of the same," prayed for a rule upon the plaintiff to show cause why satisfaction should not be entered of record upon the return of said execution. A rule was thereupon granted as prayed for, the writ of fieri facias to be stayed and levy to remain in the meantime.

Opinion of Court below.

No answer to the petition was filed, but depositions were taken from which it appeared that Mr. Hook had received the note from the plaintiff about January 1, 1890, to enter judgment upon it if it became necessary; that, while he held the note, defendant McGlumphy offered to pay him $250 on it, but he declined to receive a payment less than $500, and that on April 21, 1890, he received a letter from the plaintiff directing him to enter judgment and issue execution. Before the entry of judgment and issuance of the fieri facias, no demand had been made of the defendants for payment of the amount due on the note, but at a certain time, when McGlumphy spoke about paying some interest, he was told by the plaintiff that the note had been left with Mr. Hook and if he had anything to pay he would have to call upon Mr. Hook. Other facts shown appear in the opinion of the court below.

After argument, the court, INGHRAM, P. J., on August 4, 1890, filed the following opinion:

The defendants, claiming that they have paid the debt, interest and costs in full in the above case, which claim is not disputed by plaintiff, deny the right of plaintiff to collect the attorney's commissions, alleging that plaintiff agreed at the time the money was borrowed and note given, that judgment should not be entered on said note until they had notice and an opportunity to pay, if payment was required. They further claim that they were not notified before judgment was entered, and that the first demand made upon them for the money was by the sheriff, who had the execution.

The plaintiff, while not claiming that he ever demanded payment of the defendants, or either of them, still insists that having employed an attorney to collect the debt he is entitled to the attorney's commissions as provided for in the note; and this raises the only question presented and argued before the court: Can a defendant in a judgment, entered on a note providing for the payment of attorney's commissions, be compelled to pay such commissions, without a previous demand from the plaintiff and a neglect or refusal to pay?

The defendants claim that there has been neither neglect nor refusal to pay; that they paid the claim in full within a few days after notice from the sheriff, and that they could and

Opinion of the Court.

would have paid the same to plaintiff before judgment was entered, if they had been notified that he wanted his money. The question presented has frequently been passed upon by the Supreme Court, and we think the case of Johnson v. Marsh, 21 W. N. 570, rules this case, as the facts are very similar. . . .

We are of opinion that a demand for payment should have been made before entering judgment and issuing execution, and there being no evidence of such demand, defendants should not be required to pay the commissions.

—An order having been made making the rule absolute and directing satisfaction of the judgment to be entered, the plaintiff took this appeal, assigning said order for error.

*Mr. W. A. Hook* and *Mr. A. A. Purman*, for the appellant.

Counsel cited: Moore's App., 110 Pa. 435; Imler v. Imler, 94 Pa. 375; McAllister's App., 59 Pa. 204; Sieger v. National Bank, 132 Pa. 307.

*Mr. R. F. Downey*, for the appellees.

Counsel cited: Lewis v. Savings Bank, 96 Pa. 92; Daly v. Maitland, 88 Pa. 384; Johnson v. Marsh, 21 W. N. 570.

PER CURIAM:

We think the learned judge below was right in holding, under the facts of this case, that there must be a demand and refusal to pay, before the defendants in the judgment can be subjected to the payment of attorney's commissions. This was the rule laid down in Johnson v. Marsh, 21 W. N. 570, where it was said: "In the absence of satisfactory evidence of a demand for payment before entering the judgment and issuing the execution, we think the necessity of resorting to the services of an attorney for collecting the money does not appear, and, without proof of such necessity, the defendants ought not to be subjected to the payment of the commissions." To the same point is Moore's App., 110 Pa. 433.

The learned judge found that no demand for payment had been made, and as it was admitted that the debt, interest, and all costs, except attorney's commissions, had been fully paid, he ordered satisfaction to be entered upon the record of the judgment. In this there was no error. In Daly v. Maitland,

88 Pa. 384, overruling Robinson v. Loomis, 51 Pa. 78, it was held that the attorney's fee for collection, usually inserted in mortgages, is in the nature of a penalty, not liquidated damages, and is subject to the control of the court in the exercise of its equity powers. See, also, Imler v. Imler, 94 Pa. 372. As there was nothing in this case but the attorney's commissions, the debt and costs, as before stated, having been paid in full, the court below, in the exercise of its equity powers had full control of the matter, and we fail to see any abuse of discretion in its exercise.

The order is affirmed.

