## Steigerwald *v.* Philadelphia Brewing Company, Appellant.

*Mortgage—Satisfaction—Refusal to satisfy—Act of May* 28, 1715, 1 *Sm. L.* 94.

Where a mortgagee enters judgment on a bond accompanying a mortgage and issues execution on the judgment before the maturity of the mortgaged debt, and the mortgagee pays all of the principal and interest of the mortgage debt, but refuses to pay the attorney's commissions on the ground of the premature issuing of the execution, the mortgagee is not justified in refusing to satisfy the mortgage by calling his claim for commissions a disputed claim or a matter in controversy under the Act of May 28, 1715, 1 Sm. L. 94, which gives an action for damages for not satisfying a mortgage.

Argued Oct. 15, 1902. Appeal, No. 89, Oct. T., 1902, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1897, No. 93, on verdict for plaintiff in case of Elizabeth Steigerwald v. Philadelphia Brewing Company. Before RICE, P. J., ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for refusing to satisfy a mortgage.

From the record it appeared that the action was brought under the act of May 28, 1715.

The facts are fully stated in the opinion of the Superior Court.

Defendant presented, among others, these points:

1. The amount due is disputed in a suit now pending on appeal from the court of common pleas No. 1, of Philadelphia county, as of December term, 1896, No. 1362, which was pending when this case was partly tried in this court and a juror withdrawn on October 21, 1898, because of the pendency of said suit in court No. 1. The act of April 3, 1851, P. L. 868, sec. 14, provides a complete remedy for a mortgagor where the amount due is in dispute, by paying into court the amount claimed, whereupon the court orders satisfaction of the mortgage. As the amount due is disputed, and as the mortgagor has not sought the remedy of the act of April 3, 1851, she cannot invoke the penal statute of May 28, 1715, and your verdict should be for the defendant. *Answer:* Refused. [1]

6. Under the pleadings and all the evidence your verdict should be for defendant. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $650. Defendant appealed.

*Error assigned* was above instructions, quoting them.

*Thomas Leaming*, for appellant.

*Charles F. Linde*, for appellee.

OPINION BY ORLADY, J., December 13, 1902:

On June 30, 1896, the plaintiff gave to the defendant a bond and mortgage for $3,000, due one year after date, as security for a loan of money. On February 20, 1897, a judgment was entered on the bond under the power of attorney contained therein. On June 24, the plaintiff caused the damages to be assessed at $3,147, and immediately issued an execution thereon. The assessment of damages showed the principal to be $3,000 and attorney's commissions $147; the interest on the principal debt at that time had been paid to June 30, 1897, and the principal debt was not due until six days after the execution was issued; no averment was filed of record to show any breach of any condition in the bond. On the maturity of the debt (June 30, 1897) Mrs. Steigerwald paid the principal repre-

sented by the bond and mortgage, and tendered the costs of satisfaction of the mortgage. The mortgagee refused to satisfy the mortgage and claimed that there was a balance of $147 due and unpaid thereon. This action was brought under the Act of May 28, 1715, 1 Smith's Laws, 94, to recover damages for not satisfying the mortgage. On the trial below the defendant requested the court to charge that under all the pleadings and all the evidence the verdict should be for the defendant; this was refused by the court, and the facts were submitted to the jury on a charge which bore strongly against the plaintiff, and concluded as follows: "It is only in case you find that there was no controversy, no genuine controversy, that there was no dispute, real dispute, as to what was due between the parties, that the plaintiff would be entitled to recover anything from the defendant because of the refusal to satisfy the mortgage. The first question for you to consider, and it seems to me a serious question, is whether or not the plaintiff is entitled to a verdict at all, whether or not there was a real dispute, a real controversy, between the parties at the time when the money was paid, as to what the amount, which was due, actually was." This was a fair submission, under the evidence, as an examination of the record shows that the judgment was entered on the bond and execution issued thereon at a time when there was no other reason for so doing except to penalize the defendant with attorney's commissions. Under our decisions it is manifest that the mortgagor was not liable for the attorney's commissions, and the claim that the $147 should be paid by the mortgagor was without any authority of law. Can such a state of facts justify the mortgagee in refusing to satisfy the mortgage by calling it a disputed claim, or a matter in controversy under the act of 1715? It was not an actual controversy, urged in sincerity, a bona fide demand of a legal right which would relieve the defendant of liability under the 10th section of the act of May 28, 1715. The mortgage debt, with the interest thereon, had been paid in full and the costs of satisfaction of the mortgage had been tendered. This was all that the mortgagor had any right to demand. A copy of the bond has not been furnished with the record, but whatever its provisions may be, the execution was prematurely issued for a debt not due, and the plaintiff was not entitled to an attorney's commissions: Moore's Appeal, 110 Pa. 433; Na-

tional Saving Fund & Bldg. Assn. v. Waters, 141 Pa. 498; Lindley v. Ross, 137 Pa. 629.   The plaintiff was not obliged to resort to the remedy provided by the Act of April 3, 1851, P. L. 871, sec. 14, which furnishes additional means for compelling satisfaction of a mortgage but does not affect the right to proceed under the act of May 28, 1715, which is rarely resorted to, although it furnishes an efficient penalty for wrongfully refusing to enter satisfaction on a mortgage after "having received full satisfaction and payment of all such sum or sums of money as are really due to him by such mortgage : " Crawford v. Simon, 159 Pa. 585.

The court left the case to the jury under a charge of which the defendant has no reason to complain, and the judgment is affirmed.