## Edmunds v. Jordan

*E. F. G. Harper*, for petitioner.
*J. Elder Bryan*, contra.

BRAHAM, J., May 10, 1937.—In this case it must be decided whether an attorney's fee of 10 percent on a mortgage indebtedness of $2,000 is excessive. The debt, interest, and costs have been paid by the execution defendant, but the attorney's commission remains in the hands of the sheriff, subject to the opinion of this court as to what is reasonable.

Execution was issued upon a judgment confessed pursuant to a warrant of attorney contained in a bond accompanying the mortgage, by which bond defendant covenanted to pay an attorney's commission of 10 percent. It is admitted by the contending parties, and is undoubtedly the law, that an attorney's commission as provided for in

a note or bond is in the nature of a penalty rather than of liquidated damages and may be reduced at the discretion of the court: Daly v. Maitland, 88 Pa. 384; Imler v. Imler, 94 Pa. 372; Warwick Iron Co. v. Morton, 148 Pa. 72. The precise question is whether, under the facts in this case, the attorney's commission of 10 percent was excessive.

The evidence taken discloses what is already generally known among the members of our bar, that an attorney's commission of five percent is ordinarily regarded as the ordinary and just attorney's commission in such cases as this. The present differs from the ordinary case, however, in that the attorney for plaintiff was required to be much more alert, to devote much more time, and to be engaged in court much more than is usual in executions of this sort.

It appears from the evidence that the efforts of plaintiff's attorney to collect the amount secured by this bond and mortgage began in April 1936, and that the transaction was not consummated until March 1937. From April until August 1936, plaintiff's attorney was required to make and did make frequent efforts to collect this money from defendant without resorting to execution. In August a writ of execution was issued for a sale to be held on the second Monday of September. Prior to the time of this sale a petition to stay execution was filed. As a part of his duty plaintiff's attorney was required to answer this petition. The parties being unable to reach any agreement, a hearing was held on October 3, 1936, at which time the court directed that execution be stayed for a period of 30 days. Next, after further efforts to collect amicably, plaintiff's attorney caused to be issued an alias writ of fi. fa., returnable to the first Monday of January 1937, when defendant presented another petition to stay the execution. Plaintiff's attorney answered this petition and appeared on behalf of his client at the second hearing held on December 12, 1936. At this hearing the court continued the execution until the first Monday of March 1937. Still a further petition for extension

was filed by defendant in execution on February 5, 1937, showing to the court that he was in a position to pay the judgment, or would be in a position to pay the judgment, but not before the return day on the first Monday of March 1937. A further stay was granted. No hearing was held on this petition.

In addition to this bare outline of the proceedings, the court finds that plaintiff's attorney was called upon to attend many conferences, to conduct many negotiations, and in other ways to devote a great deal of time and effort to protect his client's interest.

Consequently we are of opinion that the attorney's fee of 10 percent in this case is not excessive. We are not complaining of defendant's seeking to have the execution stayed from time to time in order to save his property. He was doing only what the law allowed him to do. It must not be overlooked, however, that by taking this action he did necessitate much more effort on the part of plaintiff's attorney. It would have been inexcusable in plaintiff's attorney to have ceased his efforts on behalf of his client. The opinion of the court is that, had he done so, the indebtedness would still not be collected. Plaintiff at these hearings gave proper and bona fide reasons for wanting her money at once, but the court believed that the intention of the legislature was that debtors be given every opportunity to save their property if at all possible. Had it not been for the various proceedings initiated by defendant in order to secure a stay of execution, we would reduce this commission to at least five percent, but in view of the said proceedings we feel that the attorney's commission should be allowed to stand.

### Order

Now, May 10, 1937, the rule issued on February 6, 1937, upon plaintiff to show cause why the attorney's commission entered against defendant should not be reduced is discharged; and the prayer of the petition to reduce the attorney's commission is refused.