## Biddle et al. v. Conway et ux.

*Alfred L. Taxis, Jr.*, for plaintiffs.
*Elmer L. Menges*, for defendants.

FORREST, J., December 29, 1950.—In this petition to open a judgment entered on the bond and warrant

accompanying a mortgage, it is alleged that although payments were in arrears there was no default because the mortgagee had waived strict compliance with the mortgage terms by accepting other payments when past due and by paying itself the arrearages.

No depositions having been taken, the following relevant facts are taken from the petition and answer filed thereto: On November 1, 1946, defendants, Arthur J. Conway and Virginia Alleen Conway, his wife, purchased certain premises in Blue Bell, Montgomery County, Pa., from Daniel E. Biddle for $21,000, of which sum $15,000 was represented by a purchase money mortgage. Under its terms, interest, taxes and insurance premiums were to be paid on May 1st and November 1st of each year. A payment of $5,000 on prinicpal was to be made on November 1, 1951, and each five years thereafter until the debt was discharged. In addition, the whole debt could be declared due in the event that the above payments were not made.

Daniel E. Biddle died on September 7, 1947. Present plaintiffs are the executors of the estate and represent its interest as mortgagee.

Defendants did not make the payments of interest, taxes and insurance premiums due May 1, 1948, and November 1, 1948, until May 19, 1949, and September 21, 1949, respectively. Meanwhile an averment of default was filed and judgment entered by the mortgagees on March 4, 1949.

On April 12, 1949, defendant, Arthur J. Conway, entered into what is called an "agency agreement" with the Norristown-Penn Trust Company, the corporate executor of the Biddle estate. Under the terms of this agreement the Norristown-Penn Trust Company was to receive checks from Conway's employer and to apply them to pay (a) $40 per week to Virginia Alleen Conway; (b) $10 per week on account of fuel

bills at the Conway home, and (c) the balance to defray sheriff's costs, taxes and mortgage interest relating to the home in Blue Bell, and any remaining amount to be applied to reduce the principal of the mortgage.

With the agreement in force, the installments that had been due on May 1, 1948, and November 1, 1948, were paid by the trust company to itself as coexecutor. The installment due on May 1, 1949, was paid on October 31, 1949, while the payment due on November 1, 1949, was paid on February 17, 1950. The validity of this payment is being contested by the Real Estate Trust Co. of Philadelphia, a creditor of Arthur J. Conway, which has served a writ of attachment execution against the Norristown-Penn Trust Company, naming it as garnishee. On April 24, 1950, an execution writ of fi. fa. was issued by the mortgagees. A tender made by check on behalf of interest and taxes due on May 1, 1950, was received in advance and an additional tender was made on May 9, 1950, for the insurance premium due on May 1, 1950. Both of these checks were returned. The petition to open judgment and to stay the execution was filed on May 26, 1950.

Defendants maintain that by accepting other late payments of interest, taxes and insurance premiums, the mortgagees became estopped to insist upon strict compliance with the mortgage terms. This contention overlooks the factor that distinguishes this case from the usual case of waiver. Here, judgment had already been entered, and so the question is not whether acceptance of late payments bars the right to enter judgment if subsequent payments are not made on time, but rather whether accepting late payments after the entry of judgment bars the right to execute thereon.

No case precisely on this point has been brought to our attention and our research has revealed none in Pennsylvania. However, it has been held that after

default and the entry of suit, tender or payment of interest is not enough to restrain the mortgagee: Warwick Iron Co. v. Morton, 148 Pa. 72 (1892), affirming 7 Montg. 87 (1891) ; Drexel v. Pa. N. Y. Canal & R. R. Co., 6 Phila. 503 (Pa. Supreme Ct.) (1868). See also 59 C. J. S. 796. It has also been held that before entering judgment, a mortgagee is under no duty to accept further tardy payments merely because he has done so in the past: The Contributors to the Pennsylvania Hospital v. Gibson et al., 2 Miles 324 (1839) ; Pennsylvania Trust Co. v. Bogert, 11 Kulp. 247 (1899). The mortgagees' rights were established by the entry of judgment. The delay in execution and the acceptance of payments already due was not a waiver. The mortgagor was obligated to make these payments and the delay in execution did not place any greater hardship on the mortgagors.

Even if this were not so, in the instant case the tender was insufficient since the fee due the mortgagees' attorney for the entry of judgment was not included. For the tender to be good and to stay the mortgagee this sum should have been offered: Imler v. Imler, 94 Pa. 372 (1880).

Defendants also argue that the fact that the Norristown-Penn Trust Company occupied a dual position as executor-mortgagee and as Arthur J. Conway's agent means that there should be an estoppel to the foreclosure of the mortgage. However, as we view the matter, defendant engaged the Norristown-Penn Trust Company knowing that it was coexecutor of the Biddle estate and knowing that judgment had been entered on the bond and warrant. Perhaps all that was hoped for in choosing the trust company as agent was not forthcoming, and while it might have been wise under these circumstances for the trust company to refuse the agency, no bad faith on its part has been shown. Even if it had been so alleged, it does not fol-

low that the rights of the estate of Daniel E. Biddle should be endangered.

Defendants have failed to show that an adequate defense exists and therefore their prayer that the judgment be opened must be refused.

And now, December 29, 1950, for the reasons set forth in the foregoing opinion, defendants' petition is refused and denied and the rule granted thereon is discharged.