### Abel et ux. v. Howell et al.

*Robert J. Demer*, for plaintiffs.

LITTLE, P. J. (thirty-fourth judicial district, specially presiding), October 5, 1951. — On April 5th, 1950, defendants, after some negotiations with plaintiffs, executed and delivered to them their note under seal in the sum of $1,000, with interest from date, containing the usual confession of judgment. The following also appears on the face of the note above the signature:

"Payment of this note by the makers hereof is conditioned upon said makers failing to clear title to the land described in deed attached hereto within six (6) months from date. If said title is cleared within said period this note to be void and attached deed delivered to grantees therein; if not cleared deed to be returned to makers of this note and said note is immediately due and payable. When title is cleared land on east side of R No. 470 to be jointly given to Scranton Y.M.C.A."

On October 7, 1950, plaintiff's attorney filed the following affidavit:

"Robert J. Demer, being first duly sworn according to law, deposes and says: that he is attorney for Ferdinand Abel and Mildred Abel; that they are the persons named as payees in the attached note; that in attempted fulfillment of the condition of payment as described in said note, a certain action to quiet title was begun by the defendants herein against Allen

Thurston, et al., filed to No. 170 January Term, 1950; that according to docket entries relating to said action, on October 7th, 1950, which date is more than six months from the date of the attached note, final decree in said action to quiet title was not entered against the defendants therein nor was title to the lands described in said action cleared in accordance with said note; hence return of the deed attached to the note which is the subject of this affidavit of default was made to Ira B. Rutherford, one of the makers thereof on this day and said note is immediately due and payable in accordance with the tenor and effect thereof, together with interest, costs and attorney fee as provided therein."

On the same day fieri facias was issued to collect debt of $1,000, attorney's commission of $100 and interest of $30.

Defendants paid the sum of $1,009 principal and costs in court and on October 14, 1950, filed petition to open judgment and be let into a defense or have the same satisfied. Defendants alleged, inter alia, that they are ready and willing to give title to the 40 acres of land in question and give a general warranty deed for the same; that there has been no default; that they have not failed to carry out the terms and conditions as set forth in the judgment note and they further aver that the title in question in their opinion is good and marketable and that no demand was ever made upon them by plaintiffs or anyone on their behalf for the payment of any sum due on the note.

The entry of judgment in this case presents a situation to us without precedent. According to the terms of the agreement the deed was to be returned to the makers of the note if title had not been cleared and the note then was to be immediately due and payable. It would seem to us that a fair interpretation of this provision would entitle defendants to an opportunity

to pay the obligation then due and payable without additional costs.

When the case was argued, defendants' counsel contended that the deed was not returned to Ira B. Rutherford, Esq., as stated in the affidavit of default, but was left with his stenographer and this fact was admitted by plaintiff's counsel. It appears from the testimony taken that Ira B. Rutherford was away from his office and Emerson Howell, the other defendant, was confined to his home by illness at the time the deed was delivered to Mr. Rutherford's stenographer; that they first learned of plaintiff's action when informed that an execution had been issued. Defendants admit that they owe plaintiffs the sum of $1,000 and costs and have paid that sum into court. The sole question involved is whether or not defendants should pay an attorney's commission.

The attorney's fee for collection, usually inserted in judgment obligations, is in the nature of a penalty, not liquidated damages and its enforcement is within the control of the court in the exercise of its equity powers. See Daly v. Maitland, 88 Pa. 384; Imler v. Imler, 94 Pa. 372 and Lindley v. Ross et al., 137 Pa. 629. This commission does not belong to the attorney but to the creditor. See Commonwealth v. Pennsylvania Loan Corporation, 127 Pa. Superior Ct., 253, 256; also Daly v. Maitland, supra. An attorney's commission being in the nature of a penalty rather than liquidated damages it may be reduced in the discretion of the court: Lindley v. Ross, supra; Wilson et al. v. Ott et al., 173 Pa. 253.

In the case at bar, the note, with reference to the title, provided that: "If not cleared deed to be returned to the makers of this note and said note is immediately due and payable." Even a cursory examination of this provision should impress upon one pursuing the col-

lection of the note the necessity of complying with its terms. Leaving the deed with the stenographer of one of the defendants in his absence is not a compliance. These defendants were entitled to notice and an opportunity to meet their obligation then in plaintiffs' possession, not only by reason of the terms of the obligation itself, but further by reason of common everyday fairness in the practice of law.

No demand was made on either defendant to pay the note. The deed was left in Mr. Rutherford's office in the court house, and plaintiff's attorney, with a speed in no manner arising from necessity, in about five minutes had entered the note and issued execution. There was no need to incur this expense. The common courtesy of a request for payment at the time the note had become due would have yielded, without doubt, the full amount of the note with all interest due, and the zeal and speed employed by plaintiff's counsel in taking judgment and issuing execution without first having notified defendants and having given them an opportunity to meet the obligation is not to be commended.

In Lindley v. Ross, supra, the court said:

"We think the learned Judge below was right in holding, under the facts of this case, that there must be a demand and refusal to pay, before the defendants in the judgment can be subjected to the payment of attorney's commissions. This was the rule laid down in Johnson v. Marsh, 21 W. N. 570, where it was said: 'In the absence of satisfactory evidence of a demand for payment before entering the judgment and issuing the execution, we think the necessity of resorting to the services of an attorney for collecting the money does not appear, and, without proof of such necessity, the defendants ought not to be subjected to the payment of the commissions.' To the same point is Moore's App. 110 Pa. 433."

We fail to find any cogent reason why no demand was made by plaintiffs, or their attorney, at any time before execution was issued for the payment of the note: in fact, it plainly appears that defendants were not even warned that such payment would be demanded when their agreement to clear title was called to their attention. They should not be required to pay the attorney's commissions.

Time honored customs and rules of conduct now written into the canons of professional ethics, and having the force of law (Schofield Discipline Case, 362 Pa. 201), require the highest level of courtesy and consideration between the members of the bar. Unjust and unfair personal advancement or enrichment are foreign to their tenor and to be condemned. We are unable to find any excuse for the action taken in the present case.

In their petition to open judgment defendants also requested the court to grant a rule to show cause why the judgment should not be marked satisfied. After hearing the evidence we are of the opinion we should have granted the latter rule and we will so regard the rule before us.

Under the evidence there are no facts to be presented to a jury for decision. Defendants admit they owe the note, have paid the face amount into court and costs amounting to $9. The note is therefore fully paid with the exception of the amount of interest we find to be due. The attorney's commission of $100 will be stricken off since neither plaintiffs, nor their attorney, should receive it, and defendants will be required to pay all costs and interest.

### Order of Court

Now, to wit, October 5, 1951, rule is made absolute, satisfied of record, upon payment of costs, $1,000, and the prothonotary is directed to mark the judgment

$30 interest, by defendants; $1,009 of which has already been paid into court. The sum of $100, heretofore taxed as attorney's commissions, is stricken off.