## Associates Discount Corp. v. Hayden

Before Ellenbogen, O'Brien and Van der Voort, JJ.

*John E. Laughlin, Jr.*, *James B. Hecht*, and *Thorp, Reed & Armstrong*, for plaintiff.

*Daniel T. Zamos*, for defendant.

O'BRIEN, J., January 2, 1962. — This matter is before the court en banc on defendant's petition to

strike the appearance for plaintiff of Gordon F. Harrington, Esq., to strike judgment and to stay execution. A rule was issued on plaintiff to show cause why said appearance and judgment should not be stricken.

The case was argued before the court en banc on a stipulated set of facts and the following is a resume of the facts so stipulated:

Defendant, Ralph R. Hayden, purchased a Buick convertible automobile from Bartin's Auto Sales of Pittsburgh and incident to this sale a bailment lease was executed, naming Bartin's Auto Sales as bailment lessor and the purchaser, Ralph R. Hayden, as bailment lessee. Under the bailment lease, which was attached to the complaint in this case, defendant, Ralph R. Hayden, agreed to pay $779.18 to Bartin's Auto Sales or its assigns. The bailment lease was assigned on September 30, 1952, without recourse and for value from Bartin's Auto Sales to plaintiff, Associates Discount Corporation. Plaintiff has instituted this action in the capacity of bailment lessor.

On December 31, 1959, Ralph R. Hayden, the bailment lessee and defendant in this case, was in default under the terms of the bailment lease and plaintiff, Associates Discount Corporation, by its employe and attorney at law, Gordon F. Harrington, Esq., entered a judgment in its favor against defendant. The judgment entered amounts to $206.82, which is made up of a principal debt of $154.35 and past due interest at 6 per cent per year of $52.47. No attorney's fee was charged, though the bailment lease provided for the same on a percentage basis. The judgment was confessed for Mr. Hayden by Stanley N. Bastacky, Esq. as attorney pro hac vice.

The attorney for plaintiff, Gordon F. Harrington, is a duly licensed attorney at law, having been admitted to practice before all the courts in Allegheny County,

the Pennsylvania Supreme Court, the Superior Court and the United States District Court for the Western District of Pennsylvania. His status with Associates Discount Corporation is that of a full-time, salaried employe. He is paid a monthly salary for his services and is employed generally to handle the legal affairs of Associates Discount Corporation in Western Pennsylvania and particularly, Allegheny County.

In the course of Mr. Harrington's employment, he prepares and enters confessed judgments in favor of Associates Discount Corporation against its debtors. He directs levy of execution, represents his employer-corporation in bankruptcy proceedings and in automobile confiscation cases where his employer has a security interest. He reviews and advises his corporate employer on legal documents relating to its business purpose and represents it in dealings and negotiations with automobile dealers to whom the corporation has loaned money. Mr. Harrington is free to provide, on his own account, legal services to persons, firms and corporations other than Associates Discount Corporation, so long as such activity does not conflict on a time basis or in any other manner with his duties to Associates Discount Corporation.

It must be recognized that the courts make a distinction between the corporation representing *itself* by salaried counsel and the corporation representing its *customer* by salaried legal talent employed by the corporation.

The issue presented by this petition has been before the Committee on Professional Ethics and Grievances of the American Bar Association. The committee defined the issue very succinctly in its opinion but did not answer the question since it resolved the matter on other grounds. We refer to opinion no. 10 of the Committee on Professional Ethics and Grievances,

which opinion was delivered on July 13, 1926:

"So far as his usual duties are concerned, the relationsip between such a salaried lawyer-trust officer and his employer would be that of master and servant rather than that of attorney and client, but where he conducts litigation, as attorney for his employer, in any matter in which it is the actual party in interest, the relationship for that purpose changes to that of attorney and client. As an employe his only duty is to his employer. As a lawyer he owes a duty to the Court and to the public, as well as to his client. *Can he consistently act in these dual capacities at one and the same time? Being dependent on his employer's pleasure for his livelihood, can he properly observe that independence of judgment and action that are indispensible to the advocate in court? May there not be a conflict between his duty to his employer as an employee, and the professional duty which he may owe to the court and to the profession?"* (Italics supplied).

The question thus presented is whether a conflict exists between the duty of an attorney to his employer as an employe and the professional duty which an attorney owes to the court and to the profession. The stipulated facts narrow the question to the foregoing.

For instance, no fee has been charged the debtor for the services of the attorney in confessing judgment on this bailment lease. Since the attorney's fee provision of the confession of judgment clause was designed to furnish the creditor reimbursement for the services of an independent attorney hired to enforce the obligation, and since the corporate plaintiff has been put to no additional expense in the case at bar by using its salaried legal personnel, the imposition of the attorney's fee upon the debtor would not be permissible: Imler v. Imler, 94 Pa. 372; Fort Pitt Hardware v.

McCloskey, 106 Pitts. L. J. 9; Eisenhower v. Shank, 31 Pa. Superior Ct. 23.

Canon 35 of the American Bar Association's Canons of Professional Ethics states:

"The professional services of a lawyer should not be controlled or exploited by any lay agency, personal or corporate, which *intervenes between client and lawyer*. A lawyer's responsibility and qualifications are individual. He should avoid all relations which direct the performance of his duties by or in the interest of such intermediaries. A lawyer's relation to his client should be personal, and the responsibility should be direct to the client. Charitable societies rendering aid to the indigent are not deemed such intermediaries.

"A lawyer may accept employment from any organization, such as an association, club or trade organization, to render legal services in any manner in which the organization, *as an entity*, is interested, but this employment should not include the rendering of legal services to the members of such an organization in respect to their individual affairs." (Italics supplied).

Under the stipulated facts, it cannot be ignored that there is no intermediary between the attorney for Associates Discount Corporation and his corporation-client. Also, it cannot be seriously argued that Attorney Harrington, under these stipulated facts, has done anything but accept employment to render legal services to a corporation in a matter in which the corporation, *as an entity*, is interested.

Lest there be any misunderstanding of the scope of this opinion, we state that our decision is limited to the precise facts of this case. We hold that it is proper for an attorney, employed by a corporation on a salary, to represent his employer in entering a judgment by confession.

An appropriate order will be entered.

*Order*

And now, January 2, 1962, after argument, submission of briefs and due consideration thereof, it is ordered, adjudged and decreed that the rule heretofore directed to plaintiff to show cause why the appearance of Gordon F. Harrington, Esq., entered on its behalf should not be stricken and to show cause why the judgment entered herein should not be stricken, be, and the same hereby is, discharged.