BRACKETT G. CASTLE v. PALEMAN S. CASTLE.

*Mortgages—Negotiability—Foreclosure by assignee—Payments made to mortgagee without notice of assignment—Tender.*

1. Where a mortgagee at the time the mortgage was given owed certain open accounts which he subsequently requested the mortgagor to *pay*, and agreed to allow the amounts so paid on the mortgage, and the accounts were paid by the mortgagor, who took assignments of the same in his own name, which assigned accounts he tendered to the assignee of the mortgage, —who took it subject to all existing equities,—and offered to pay him any balance due for principal and interest on the mortgage, which was refused, the amount of the accounts should be applied as payment *pro tanto* on the mortgage, and although the tender did not comply with all of the requirements necessary to discharge the mortgage, yet as it showed a willingness on the part of the mortgagee to make such payment as would effect such discharge at any time when it would be received without suit, the mortgagor should not be subjected to the payment of costs in a foreclosure suit afterwards brought by the assignee in defiance of such payments and tender.

2. In such a case, the fact that the mortgagor is not personally liable for the debt is unimportant, he being the owner of the land, which he must lose or pay the decree, and the effect being the same as if he had given his note and secured it by mortgage.

Appeal from Newaygo. (Palmer, J.) Argued November 13, 1889. Decided December 28, 1889.

Bill to foreclose a mortgage. Defendant appeals. Decree

modified and affirmed. The facts are stated in the opinion.

*W. D. Fuller*, for complainant.

*Albert G. Day*, for defendant, contended for the doctrine stated in the opinion.

SHERWOOD, C. J. The bill in this cause is filed to foreclose a mortgage made by defendant to Warren B. Castle, dated August 24, 1885, on part of a block in the village of Fremont, in the county of Newaygo, to secure the payment of $125 on or before two years from date, with interest at 7 per cent., payable annually; said mortgage being made to secure a part of the purchase money of said property. No personal obligation was given by the mortgagor, or other person, to secure the debt. The mortgage was duly recorded on August 28, 1885.

At the time the mortgage was given the mortgagee owed his lawyer and his doctor claims amounting to the sum of $84, and subsequently requested defendant to pay these debts, and told him, if he paid them, he would allow the amounts so paid upon the mortgage. Defendant, accordingly, on July 5, 1887, paid the doctor his account, and on July 11, paid the lawyer's account, and took an assignment to himself of each account.

In the month of February, 1887, Warren B. Castle, the mortgagee, for the consideration expressed in the assignment of one dollar, assigned said mortgage to the complainant, who did not put the assignment upon record; and neither the mortgagor nor either of the assignors of the accounts knew anything of the transfer of the mortgage to complainant, at the time the doctor's and lawyer's assignments were made. When the mortgage became due, and payment was demanded by the complainant, defendant offered the two accounts, and anything beyond

whether of the principal or interest, due upon the mortgage, in money, in payment to the complainant, which he refused, and filed the bill in this case on October 14, 1887.

The only question in the case is, should the defendant, under the circumstances above stated, be allowed his accounts purchased of the lawyer and doctor towards payment of the mortgage? The learned circuit judge held not, and gave a decree accordingly.[1]

I think this was error. The amounts of the accounts should have been applied as payment *pro tanto* upon the mortgage. The party to whom the promise to allow the accounts was made was the mortgagor, and he still owned the land. It is true, a personal judgment could not be rendered against him, but he was obliged to pay a decree under the foreclosure of the mortgage, or lose his land. The effect is the same as if he had given his note, and secured it by the mortgage. But the technical rules

---

[1] In explanation of the decision of the circuit judge, the following additional facts are stated:

1. The foreclosure bill was in the usual form.

2. The defendant in his answer claimed the right to *set off* against the mortgage debt two accounts,—one for $72, and one for $12,—which he claimed to have *purchased* of the owners.

3. The amount due on these accounts was admitted, subject to the right to object to their allowance as *legal offsets* in the case.

4. On taking the testimony, *under this issue*, in open court, the defendant produced the assigned accounts and stipulation, which were received under the objection stated. The defendant then testified, subject to objection, to a conversation with the mortgagee in which he told defendant that if he would *pay* these accounts, if there was enough, and, if not, get receipts for what there was, he would allow it on the mortgage. He further testified that he purchased the $72 account for $50.

5. The complainant introduced no testimony in regard to this alleged special agreement.

6. The circuit judge held that the accounts could not be allowed as *legal set-offs*, and in referring to the alleged special agreement said: "An examination of the pleadings will disclose that no such agreement is averred. Both the answer and the bill of particulars are silent and do not allude to such an agreement, and inasmuch as the proof when offered was objected to, and received subject to objection, and there is nothing in the pleadings upon which to base it, it cannot be considered, and without such agreement the claim of set-off cannot be allowed."

which have grown up under the doctrine I do not think apply in the case. It is not a question of set-off, but payment, that the record raises. When the mortgagor obtained the doctor's and lawyer's claims under the agreement made between the mortgagor and mortgagee, it was a payment, and should have been allowed and indorsed as such upon the mortgage. The indorsement was not essential to give it the effect, however, of payment.

This mortgage is not negotiable paper. The present holder took it subject to all the equities against it, as they existed at the time the mortgagor obtained notice of the assignment thereof to the complainant.

The tender did not comply with all the requirements necessary to discharge the mortgage; but, inasmuch as it does show a willingness on the part of defendant to make such payment as would discharge the mortgage at any time when it would be received without suit, I do not think he should be subjected to the payment of any costs.

The decree will therefore be modified as herein suggested, and, as thus modified, re-entered; and the defendant must be allowed to recover his costs in both courts, which will be allowed to him as so much payment upon the mortgage, or upon any decree made upon foreclosure of the same, or so much of said costs as may be necessary to satisfy such mortgage or decree.

The other Justices concurred.[1]

---

[1] An application for a rehearing was denied in this case. The following propositions were submitted in support of the application:

" 1. The question of the *making* of the alleged agreement, without which defendant has no standing in court, has never been put in issue, nor tried, nor passed upon in the lower court, and complainant should not be concluded thereby, and lose his mortgage, and have a balance of costs left to pay, without an opportunity to contest *that* question.

" 2. The allowance of the full amount of the accounts is, in any event, inequitable. He surely cannot claim more than he paid.

" 3. If this be so, the complainant should recover costs below, as the defendant never offered to pay the balance due on the mortgage less the $62 paid by him, but demanded that he be allowed $84, the *face* of the accounts."