NATIONAL S. F. & B. ASS'N v. S. D. WATERS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 25, 1891—Decided April 13, 1891.

(a) The terre-tenant of real estate subject to a mortgage, being informed that payment was demanded, requested a statement.   On August 30th, a statement was rendered marked, " Good until September 11th."   On September 6th, a scire facias was issued, and on September 11th, the terre-tenant paid the debt and interest, the costs to be adjusted in the pending suit:

1. Under a fair and reasonable construction of the statement, the terre-tenant had until September 11th to pay ; and the issuance of the scire facias, prior thereto, being unnecessary as well as a breach of faith, the mortgagee was not entitled to recover attorneys' commissions provided for in the mortgage on default of payment.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 140 January Term 1891, Sup. Ct.; court below, No. 98 September Term 1890, C. P. No. 4.

On September 6, 1890, the National Savings Fund & Building Association issued a scire facias sur mortgage against Samuel D. Waters, with notice to the Real Estate Title Insurance & Trust Co., terre-tenant.   The mortgage upon which the writ issued was executed by Samuel D. Waters to the association, on July 25, 1889 ; was duly recorded, and recited a bond of the

---

* See Lindley v. Ross, 137 Pa. 629.

Statement of Facts.

mortgagor for $6,000 secured thereby, wherein it was agreed that if default should be made in the payment of the principal when due, or of the fines or the monthly contributions on shares of stock, for the period of six months, etc., etc., the whole principal debt should become due, etc. It was also recited: "And it was therein further agreed that if the said moneys, or any part thereof, have to be collected by proceedings at law, then an attorneys' collection fee of five per cent should be added to the amount so collected, as a part of the costs of such proceedings."

On September 26, 1890, an affidavit of defence was made by the president of the terre-tenant company, averring:

"The Real-Estate Title Insurance & Trust Company of Philadelphia, having received information that the mortgage, upon which the scire facias herein was issued, was due, and that payment thereof had been demanded, requested the attorney for the plaintiff to furnish a statement of the amount due thereon, and on a certain other mortgage made by the said Samuel D. Waters to the said plaintiff, and received in reply a statement whereof the following is a copy:

[Here followed a statement signed by the secretary of the association, under the corporate seal, dated August 30, 1890, showing the amount claimed upon the mortgages, principal, interest, dues, fines, etc., including costs of satisfaction, and marked at the end, " Good only until September 11, 1890."]

"Relying upon the concluding sentence in the statement that it was 'good until September 11, 1890,' the said Real-Estate Title Insurance & Trust Company of Philadelphia did not pay the same until the eleventh day of September, 1890, on which day it paid unto Charles F. Linde, Esq., the solicitor of the said association, the full amount of the claim of the association, to wit, the sum of $7,463.49, taking from him a receipt indorsed on the back of said statement, whereof the following is a copy:

"'September 11, 1890.

"'Received of Real Estate Title Insurance Company seven thousand four hundred and sixty-three .49 dollars, being the principal and interest in full as per statement, the costs to be adjudicated between the parties to the two suits brought on the two mortgages within mentioned. CHAS. F. LINDE,

"'$7,463 49-100.          Sol. of Building Association.'

Opinion of the Court.

"Between the date of the submission of the said statement, August 30, 1890, and the date thereon mentioned, September 11, 1890, however, the scire facias in this case was issued, and claim was made by the attorney for the plaintiff for the attorneys' commission agreed upon in the said mortgage, in the event of proceedings at law becoming necessary to collect the principal thereof.

"Deponent avers that the said the Real-Estate Title Insurance & Trust Company of Philadelphia never refused to pay the amount of said mortgage, and it never became necessary to institute legal proceedings for the collection thereof on the date mentioned therein, up to which time the said statement was to hold good and no action commenced on said mortgage."

A rule for judgment for want of a sufficient affidavit of defence having been argued, on October 4, 1890, judgment was entered " for the office costs of issuing the writ, but no more;" exception.[1]

Thereupon, the plaintiff took this appeal, specifying that the court erred in not entering judgment in favor of the plaintiff for the full amount of costs, including the attorneys' commission of five per cent on the amount due on the mortgage.

*Mr. Charles F. Linde,* for the appellant.

Counsel cited: Lewis v. Germania S. Bank, 96 Pa. 91; Huling v. Drexell, 7 W. 126; McAllister's App., 59 Pa. 206; Schmidt's App., 82 Pa. 527; Daly v. Maitland, 88 Pa. 386; Imler v. Imler, 94 Pa. 375; Schneider v. Gas Co., 98 Pa. 473.

*Mr. Emil Rosenberger* and *Mr. Joseph Mason,* for the appellee, were not heard.

Other than authorities cited by the appellant, the brief filed cited: Moore's App., 110 Pa. 433; Johnson v. Marsh, 21 W. N. 570; Mahoning Co. Bank's App., 32 Pa. 158; Carroll Building Ass'n v. Harris, 18 W. N. 80.

PER CURIAM:

The court below was right in entering judgment for the office costs only, and excluding the attorneys' commissions. The services of the latter were not needed for the collection of the

Syllabus.

money.  Indeed, no object is apparent for issuing the scire facias upon the mortgage, except to create a plausible pretext for a charge of attorneys' commissions.  Under the statement furnished by the plaintiff company to the defendants, on August 30th, the latter were entitled, under any fair and reasonable construction thereof, to pay the money at any time on or before September 11th.  The issuing of a scire facias between those dates, so far as we can gather from the record, was unnecessary, as well as a breach of faith.  It certainly does not entitle the plaintiff to claim an attorneys' commission.

Judgment affirmed.

