Mary Emma Walter, Assignee, etc., *v.* James Dickson and Emily Dickson, Appellants.

[Marked to be reported.]

*Mortgage—Attorney's commissions—Demand.*

It is not necessary for the holder of an overdue mortgage, in order to maintain a suit upon it, to make any preliminary demand for the payment of either the principal or interest, nor is it necessary to make such a demand in order to recover attorney's commissions which are stipulated to be paid by the debtor : Warwick Iron Co. v. Morton, 148 Pa. 72, followed.

*Mortgage—Affidavit of defense—Attorney's commission.*

An affidavit of defense to a scire facias sur mortgage is insufficient to prevent judgment which avers that defendant had arranged to pay off the mortgage on a certain date ; that about a week before that date, plaintiff's agent had been notified and requested to be present at the settlement, and that the agent on the day preceding the proposed settlement issued the sci. fa., but does not aver that any tender had been made, or that plaintiff's agent had agreed to wait until the day of the alleged settlement, or that he agreed to any delay whatever, or that there was any agreement of any kind in reference to the actual payment of the debt.

Argued April 1, 1896. Appeal, No. 155, Jan. T., 1896, by defendants, from order of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 694, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage.

The defendants filed the following affidavit of defense.

James Dickson and Emily Dickson, the above named defendants, being duly and severally sworn, according to law, depose and say that they are advised, and so suggest to your honorable court, that this is a proceeding to sue out a mortgage, and upon the record the plaintiff has no cause of action, inasmuch as there has not been filed an averment of default in the payment of principal or interest, and reserving all rights under said suggestion, defendants further say that they and each of them have a just, true, full and legal defense to the plaintiff's claim, of the following nature and character to wit:

That the plaintiff in this case, Mary Emma Walter, was represented in the collection of interest on said mortgage, and in all transactions concerning the same, by one Henry G. Ormsby, her duly authorized agent. That some few weeks previous to this proceeding, the scire facias sur mortgage being issued on the 8th day of October, 1895, the said Ormsby urged defendants that, inasmuch as the mortgage in suit was overdue, he would require the principal of $1,800 to be paid unless the said defendants would agree to give a new mortgage on the premises described in said writ for $1,900, $100 more than the mortgage in suit, for a term of three or five years, at six per cent interest per annum, the said outstanding loan to be increased by the further payment of said $100. Thereupon the said defendants advised the said Ormsby they could not accept said offer, and would raise the money and pay off said mortgage, with interest.

And defendants further aver that they arranged with the Real Estate Trust Company of Philadelphia for a loan on mortgage of $2,000 at five and four tenths per cent per annum, and settlement was duly arranged for October 9, 1895, at said company. That more than a week or thereabout before said date the said Ormsby was notified thereof and requested to be present at said settlement, and the principal of said mortgage and interest due thereon would then and there be paid and said mortgage could be satisfied.

And defendants further aver that the said Ormsby upon said notice threatened " to get even " with the said defendants, and on the day preceding the date fixed for settlement issued said writ.

And defendants aver the last semiannual interest on said mortgage due July 28, 1895, has been duly paid, and that they stand ready and willing to pay the principal of said mortgage, amounting to $1,800, and interest thereon from the 28th day of July, 1895, and defendants admit said amount to be due.

And defendants also aver that said amount will be paid said plaintiff upon satisfaction of said mortgage, but defendants deny that they are liable for an attorney's commission of five per cent, or any commission whatever, or that they are liable for the costs of suit, which they submit are most unjustly and oppressively sought to be recovered from them.

Defendants further state that they never refused to pay the principal of said mortgage and interest due thereon, and it never became necessary to institute legal proceedings for the collection thereof. All of which defendants aver to be true, and expect to be able to prove upon the trial of the above cause.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*Horace M. Rumsey,* for appellants.—By the terms of the mortgage, an averment of default on the record is essential: Rhoads v. Reed, 89 Pa. 436.

The affidavit of defense denies the default in payment of interest.

If the plaintiff is entitled to judgment for the principal and interest, it is respectfully submitted the court should not enter judgment for the commission and defendants should not be obliged to pay costs: Association v. Waters, 141 Pa. 498 ; Daly v. Maitland, 88 Pa. 386 ; Iron Co. v. Morton, 148 Pa. 72 ; Wilson v. Ott, 37 W. N. C. 557 ; Bank v. Bank, 39 Pa. 92 ; Finkbone's App., 86 Pa. 368 ; Humphrey v. Bank, 113 Pa. 417 ; Miller v. Bank, 37 W. N. C. 373.

*Harvey K. Newitt, Ellery P. Ingham* with him, for appellee, cited Lewis v. Germania Savings Bank, 96 Pa. 86.

OPINION BY MR. JUSTICE GREEN, April 27, 1896 :

At the time the present action was brought the principal of the mortgage in question had been overdue for several years.

In order to maintain the suit it was not necessary for the holder of the mortgage to make any preliminary demand for the payment of either the principal or interest, nor is it necessary to make such a demand in order to recover attorney's commissions which were stipulated to be paid by the debtor. This was expressly decided in Warwick Iron Co. v. Morton, 148 Pa. 72, where it was said in the opinion of the court below, affirmed by us, that, "We can find no reported case in which it has been held that to recover attorney's commissions on a sci. fa. sur mortgage demand must first be made. The right to recover such commissions is distinctly recognized in " several cited cases.

So far therefore as this item of attorney's commissions is concerned a previous demand is not necessary.

But it is contended for the appellants that upon the special facts set forth in the affidavit of defense they were misled by the plaintiff as to the time of payment, and that no suit was necessary to enforce the mortgage. Substantially, the defendants allege that the plaintiff's agent notified them some weeks prior to the issuing of the sci. fa. that the mortgage was overdue and that payment must be made, unless the defendants would agree to give a new mortgage for $1,900, the one in suit being for $1,800. That this proposition was declined, and thereupon the defendants arranged to borrow $2,000 at a lower rate of interest, and "settlement was duly arranged for October 9, 1895, at said company." That the agent was duly notified about a week before that date, and was requested to be present at the settlement, and that the principal and interest of the mortgage would then be paid. Without stating that the agent agreed to wait until the day named, or that he agreed to anything, the affidavit alleges that on the day preceding the proposed settlement the plaintiff's agent issued the writ. The affidavit further alleges that the last semiannual interest had been paid on July 28, 1895, and that defendants " stand ready " to pay the principal and interest, and that the amount will be paid upon the satisfaction of the mortgage, but denies any liability to pay attorney's commission.

It will be perceived that the affidavit omits entirely to state material facts which are quite necessary to this defense. It does not allege that any tender was made either in or out of court of any part of the debt or interest. It does not allege that the

plaintiff's agent agreed to wait until the day of the alleged settlement for the payment of the money, or that he agreed to any delay whatever, and it does not aver that there was any agreement of any kind in reference to the actual payment of the debt.

The appellants rely upon the case of National Savings Fund v. Waters, 141 Pa. 498, but an examination of the case shows that its facts were entirely different from those set up in this case.    There, a statement giving the amount due was demanded by the defendant company which was to pay the debt.    Such a statement was made out and handed to defendant giving the precise amount due, and concluding at the end, with the words, "good only until Sept. 11th, 1890." Relying upon this the defendant prepared to pay, and did actually pay, the whole amount of principal and interest on the day named, to wit, Sept. 11, 1890, and took the receipt of the plaintiff's attorney for the amount paid.    But in the meantime and before the day named the plaintiff's attorney issued the scire facias, and then claimed the attorney's commission.    The court below and this court denied any right to the commission, holding that the plaintiff had, under the words contained in the statement, practically agreed that the defendant should have until the day named to pay the money.

There are no such facts in the present case.    In Lewis v. Germania Savings Bank, 96 Pa. 86, which also was a scire facias sur mortgage, the defendant, who was the terre tenant, alleged in his affidavit of defense that he called at the bank and offered to pay the interest and also the principal debt, but was informed by the bank officers that "they did not need the money and to let it stand until the Butler county matter was disposed of," and that shortly afterwards without making any demand of principal or interest, suit was brought on the mortgage.    It was contended that under the circumstances and the agreement to give further time, the bank was not entitled to recover attorney's commissions.    Held that this would have been so, if the defendant, even after suit brought, had been reasonably prompt in paying or tendering payment of the debt and interest.

These cases settle the questions involved in this.    We consider the affidavit clearly insufficient and must therefore sustain the ruling of the court below.

Judgment affirmed.