WILLIAMS, Appellant, vs. WILLIAMS and others, Respond-
ents.

*December 19, 1902—March 21, 1903.*

*Action: Dismissal upon motion: Costs: Foreclosure of mortgage:
Payment into court: Taxes paid.*

1. A defendant cannot set up a mere defense by affidavit and ask
   summary decision thereon; but where, in an action to fore-
   close a mortgage, it was shown by affidavits, beyond dispute,
   that before suit brought defendants had offered to pay the
   amount due, and that on the day after the action was com-
   menced they had paid into court the full amount demanded by
   the complaint, the court had power to dismiss the action.
2. It was within the discretion of the court in such case, upon
   being satisfied that the action was commenced for the purpose
   of harassing the defendants and of making costs and expenses,
   to withhold all costs from plaintiff upon dismissing the action.
3. Where in such case the complaint did not allege that plaintiff
   had paid any taxes on the land, but merely that defendants
   had neglected to pay them, and prayed recovery merely of
   principal, interest, and costs, and the affidavits filed on plaint-
   iff's behalf upon the motion to dismiss did not state that
   plaintiff had paid any taxes or show any right in her to re-
   cover them, there was no error in dismissing the action al-
   though the payment into court did not cover any taxes.

APPEAL from an order of the circuit court for Milwaukee
county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

On January 29, 1902, the plaintiff commenced this action
to foreclose a mortgage on which she alleged there was due
$150, and interest from January 5, 1897, at six per cent.
On the following day, January 30th, the defendant *Margaret
F. Schutz,* the owner of the equity of redemption in the mort-
gaged premises, paid into court the sum of $196 for the use
of the plaintiff, to satisfy the mortgage debt, and gave notice
of a motion for an order that the action be dismissed without
costs, that the moneys deposited be applied in satisfaction of
the mortgage, and that if in the opinion of the court any costs

ought to be recovered by the plaintiff, the amount thereof should be fixed. This motion was supported by affidavit to the effect that on January 28th the mortgage was recorded in the name of, and did in fact belong to, Charles E. Estabrook, plaintiff's attorney; that on that day the defendant's attorney offered to pay the same, and, upon certain excuses of said Estabrook, becoming convinced that the latter was only attempting to evade payment, he tendered in satis-faction of said mortgage the full amount thereof, with interest, which said Estabrook absolutely refused to receive, at the same time expressly refusing to receive any sum whatever in payment thereof; whereupon the money so tendered was taken away by defendant's attorney, he notifying said Estabrook that it was ready for him at any time. The affidavit asserted that such refusal was a part of a policy to harass and distress the defendants, and that the immediate commencement of this action on the following day was in pursuance of a like purpose and to impose unnecessary costs and expenses. Response to such affidavit was made by denying any purpose of oppression or harassment, and also denying the formal tender of the amount of the mortgage, but admitting that the defendant's attorney did, on the day named, offer to pay an amount substantially equal to the principal and interest of the mortgage, and making no claim that said amount was insufficient; nor did said affidavits deny that on said 28th day of January the note and mortgage sued upon belonged to said Estabrook.

Thereupon the court entered an order, based upon the record and the affidavits filed, and admissions and statements of counsel made in open court, reciting the fact of said tender of January 28th, the deposit of the $196 on January 30th, and that it appeared that the action was commenced by the plaintiff for the purpose of harassing and annoying the defendants, and for the purpose of making costs and expenses,

and for no other purpose, and ordered that the $196 be paid to the plaintiff in full of principal and interest on the mortgage; that the action "be, and the same is hereby, dismissed, without costs to either party"; and that the mortgage "is hereby fully satisfied of record,"—from which order the plaintiff brings this appeal.

The cause was submitted for the appellant on the brief of *Charles E. Estabrook,* and for the respondents on a brief by *John H. Paul,* attorney, and *Joseph B. Doe,* of counsel.

The following opinion was filed January 13, 1903:

DODGE, J.    Appellant attacks the procedure culminating in the order appealed from as if respondents had attempted by affidavit to establish the fact of tender as a defense and sought a judgment of dismissal on the merits.    Were such the situation presented, there could be no doubt that the proceeding would be improper and erroneous.    A defendant cannot set up a mere defense by affidavit and ask summary decision thereon.    He must join issue, either by demurrer or answer,—the only pleadings permitted him by statute,—and; if that issue be one of fact, must prove his defense by competent evidence.    The record, however, presents no attempt to set up the previous tender of the mortgage debt as a defense to the action, but merely an appeal to the court to dismiss the action because continuance of the litigation would be wholly needless; the defendants having performed all that plaintiff sought to enforce by her suit, namely, paid the full amount demanded by the complaint.    That courts have inherent power to protect themselves against fictitious and futile litigation is unquestionable.    *Moore v. Helms,* 74 Ala. 368; *Allen v. Lewis,* 74 Ala. 379; *Haley v. Eureka Co. Bank,* 21 Nev. 127, 26 Pac. 64; *Merritt v. Merritt,* 16 Wend. 405; *Loop v. Chamberlain,* 17 Wis. 504; *Noonan v. Orton,* 31 Wis. 265; *Ledebuhr v. Wis. Trust Co.* 115 Wis. 214, 91 N. W. 1012.

It would be strange, indeed, if all the machinery of pleading, trial, and judgment must be gone through, when no controversy exists. The convenience of the courts, but more especially of the public, demands that power exist to prevent such absurdity. In the present case the absolute futility of any further steps was made to appear beyond controversy. The trial court was clearly right in summarily relieving both itself and the defendants from the burden thereof.

Appellant further urges, however, that she was entitled to the costs already incurred; and, since the deposit of money and motion to dismiss were predicated upon assumption that she was within her strict right in commencing action, that contention might be unanswerable in action at law, where costs are matter of strict statutory right. This, however, is a suit in equity, wherein allowance of costs is discretionary, at least upon dismissal. Sec. 2918, Stats. 1898. The exercise of that discretion will be reviewed on appeal only when abuse clearly appears. In the present case we are satisfied that the conduct of plaintiff and her attorney was such as to fully justify the withholding of costs from her. Confessedly, the amount due upon the mortgage was offered her attorney before suit, when he apparently owned it; and he was notified that pay was ready at any time, whether a legal tender was made or not. His only excuse for nonacceptance was that he was engaged in preparing a lengthy bill of exceptions and could not spare the time to look up the mortgage; yet he did take time immediately not only to find it, but to formally transfer it to plaintiff, and to prepare the voluminous complaint and other papers necessary for commencing this foreclosure action, which he caused to be served with all haste, instead of notifying defendants' attorney that he would accept payment. The only motive conceivable for such conduct is not one which commends itself to courts of equity or invites their favors.

*By the Court.*—The order appealed from is affirmed.

The appellant moved for a rehearing; and the following opinion was filed March 21, 1903:

DODGE, J.    The appellant, upon motion for rehearing, complains of the decision of this court as erroneously assuming that, before the motion to dismiss, the defendants had "performed all that plaintiff sought to enforce by her suit, namely, paid the full amount demanded by the complaint"; contending that plaintiff was entitled to recover a considerable additional sum for taxes paid upon the mortgaged premises.    A sufficient answer to this contention is that the complaint furnishes no justification for it.    There is no allegation therein that the plaintiff had paid any taxes; merely that the defendant had neglected to pay them.    Nor is there prayer for the recovery of anything, except principal, interest, and costs.    Under this complaint, without amendment, plaintiff would have had no right to any judgment in her favor for any taxes she might have paid.    The attitude of the plaintiff's attorney on this question is further evinced by a letter written by him on February 5th, a day or two after the deposit in court, defining the amount claimed to be due on the mortgage at $195.75, together with clerk's fees, $3, register's fee, fifty cents, disbursements for witnesses and to prepare for motion and trial, $15, sheriff's fees, $7.50, together with taxable costs for sixteen folios of complaint and solicitor's fee of $50, but containing no suggestion that any taxes were claimed.    Neither do the affidavits filed upon the motion show any such right.    It is not in those affidavits anywhere declared that the plaintiff has paid any taxes upon the premises. It is stated that Mr. Estabrook, in whose name rested another foreclosure judgment and a common-law judgment, had paid certain taxes.    This fell far short of asserting any right in the plaintiff to recover them; there being no suggestion that they had been paid with her money, or that Mr. Estabrook's rights under those judgments had been assigned to her.    If

he paid such taxes while he was the owner of several liens upon the land, he doubtless had the right to elect as to which of these liens they became annexed to, and could have assigned any one of these liens, with or without his additional lien for taxes.   There is nothing in the affidavit or assignment to indicate a purpose on his part to annex them to this particular mortgage and assign them to the plaintiff.   Hence the statement upon which we reached our former conclusion. was strictly correct.   The whole amount demanded by the complaint had been paid into court.

Appellant's attorney also complains because he infers that the decision of this case charges him with improper motives in hastening to commence an action when he knew that the debtor was ready to pay the debt.   He has made application to himself of language which the court below and this court applied to the plaintiff.   We certainly have no knowledge whether the responsibility for the commencement of this action rests upon client or attorney.   The decision as to the motives was made by the court below; and it was with much reluctance that we found ourselves unable to disagree with that conclusion.   Some of the facts supporting it were mentioned in the opinion, but they were by no means all.   The letter above referred to, written within a few days after commencing suit, when apparently no papers had been served or filed beyond the summons, complaint, and *lis pendens,* demanding, as a condition of the acceptance of the full amount of a debt of only $195, the further payment of more than $75 costs, might well have had weight with the trial judge as evidence. Counsel assures us, in his argument upon motion for rehearing, that his purpose was, not to secure costs, but to prevent what he believed to be the consummation of a great wrong by parties scheming to get possession, without adequate consideration, of the property of another.   In the light of the affidavits, this apparently means that he was seeking to prevent the consummation of a sale by the defendant *James E. Will-*

*iams* to defendant *Schutz* of the mortgaged property, for the accomplishment of which the discharge of the several liens was necessary, to the end that a general mortgage might be placed thereon, so that delay constituted embarrassment, as defendants' affidavits show. *James E. Williams* was *sui juris*, had not called upon the counsel to advise or protect him in the matter, and was willing and desirous to make this sale. What right, therefore, had either *Mary R. Williams* or her attorney to impose any unnecessary inconvenience or burden upon the unquestionable privilege of a debtor to pay his past-due debt with no unnecessary delay and no unnecessary burdens or expense, in order to obstruct or embarrass the defendants in contracting as they saw fit? Does not this assertion in itself confirm the correctness of the finding of the trial court of a purpose of harassing and annoying the defendants and of making costs and expenses?

One complaint urged by appellant of the former opinion is not without justification. The writer there said: "Appellant further urges, however, that she was entitled to the costs already incurred." This statement was incorrect. The appellant in her original brief did not urge as an error the refusal of the trial court to allow her costs upon dismissal of the action. The subject was, however, a debatable one, and she might with no impropriety whatever have made such contention. It was the subject of discussion by the court whether an error had been committed in that respect, and we felt it of sufficient importance to be considered and disposed of before affirming the judgment of the trial court. The statement was by no means intended to suggest criticism, and we think could suggest none. For the sake of accuracy we withdraw it.

*By the Court.*—Order for rehearing denied, with $25 costs.