### Jarvis, Appellant, v. Stoffal.

*Mortgages—Attorney's commissions—Discretion of court—Appeals.*

1. Stipulations for the payment of attorney's commissions in mortgages and other securities are subject to the equitable control of the court, and will be enforced only to the extent of compensating the plaintiff for reasonable and necessary expenses of collection.

2. The presumption, on appeal, is always in favor of the decision of the common pleas upon such a question and its action, whether striking off, reducing, or refusing to strike off, or reduce the attorney's commissions, will not be set aside unless this is so plainly erroneous as to amount to an abuse of discretion.

3. Where an attorney merely enters up a bond accompanying a mortgage for $2,000, and performs no other service, a fee of $50.00 allowed him by the court of common pleas, will not be increased by the appellate court.

Argued May 1, 1913. Appeal, No. 180, April T., 1913, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1913, No. 514, making absolute rule to open judgment in case of Washington Jarvis v. John Stoffal. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment so as to strike off attorney's commissions.

SWEARINGEN, J., filed an opinion which was in part as follows:

The amount of the loan was but $2,000. The remaining $6,000 was purchase money for about one-third of the land pledged as security therefor. The judgment was entered within thirty-six hours after the plaintiff's right to enter it accrued. It was accomplished by filling up a blank form for such purpose, making a copy of the bond and a calculation of the amount due, securing the services of an attorney for the defendant pro hac vice to sign the confession, and then carrying these papers to the prothonotary's office and lodging them with that officer. Of course, all of this required the necessary skill and knowledge, in order that the judgment might be properly entered; and it was properly entered. The attorney made himself responsible for the correctness of this work, and he is entitled to compensation therefor. But no execution was issued, the attorney was not obliged to examine any title, to describe any land, or to ascertain any other property out of which the money could be made. The money has already been paid, except what the plaintiff will be obliged to pay his attorney for the services rendered. What would be a reasonable compensation? What amount ought the plaintiff to pay his attorney out of his own pocket, if he did not have the agreement of the defendant? Considering all of the circumstances, we are of opinion that $50.00 is a fair and reasonable amount for the services shown to have been rendered. It is our duty to determine this question, and therefore, while we make the rule absolute, there is no necessity for sending the case to trial; and we enter the judgment for the proper amount.

*Error assigned* was the order of the court.

*Wm. H. Thompson*, with him *Frank W. Jarvis*, for appellant.

*George J. Shaffer*, with him *J. W. Kraus* and *Lyon & Hunter*, for appellee.

PER CURIAM, July 16, 1913:

In Daly v. Maitland, 88 Pa. 384, it was held that, while stipulations for the payment of attorney's commissions in mortgages and other securities are valid, they are nevertheless subject to the equitable control of the court and will be enforced only to the extent of compensating the plaintiff for reasonable and necessary expenses of collection. Chief Justice SHARSWOOD said: "The court, from practical knowledge of professional work, are able to say in every particular case what ought to be the compensation or rate of commissions for collecting a debt by suit. Whatever is stipulated beyond a reasonable rate should be relieved against upon equitable principles." This equitable control of the court has been recognized in all later decisions. Daly v. Maitland and the later decisions also recognize the principle that an application like the present, to be relieved from the commissions, wholly or in part, is addressed to the equitable jurisdiction of the court, whose duty it is to weigh the testimony, determine the facts, and exercise a sound discretion in the premises. The presumption, on appeal, is always in favor of the decision of the common pleas upon such questions, and its action, whether striking off, reducing, or refusing to strike off or reduce the attorney's commissions, will not be set aside unless this is so plainly erroneous as to amount to an abuse of discretion. Viewing the case in the light of all the facts set forth in the opinion of the learned judge of the common pleas, we are not convinced that the court erred in holding that a commission of $50.00 in addition to the broker's commission of $125, retained out of the $2,000 loaned to the defendant, was a reasonable allowance.

The order is affirmed and the appeal is dismissed at the costs of the appellant.